**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**COOKEVILLE DIVISION**

| | | |
|---|---|---|
| **JAMES TROY TABOR,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **NO. 2:16-cv-00116** |
| | ) | **CHIEF JUDGE CRENSHAW** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**MEMORANDUM OPINION**

## I. Introduction

Pending before the Court are the Petitioner's *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence (Doc. Nos. 1, 2); a Notice Of Intent To Rely On *Pro Se* Pleading (Doc. No. 10), filed by counsel for the Petitioner; and the Government's Response (Doc. No. 13). For the reasons set forth herein, the Petitioner's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence (Doc. Nos. 1, 2) is DENIED, and this action is DISMISSED.

## II. Procedural and Factual Background

The Petitioner pled guilty, before now-retired Judge William J. Haynes, Jr., to Count Ten of the Indictment in his underlying criminal case, which alleged that the Petitioner used, carried, brandished, and discharged firearms during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). (Doc. Nos. 3, 304, 367, 403 in Case No. 2:11cr00001). The "drug trafficking crime" identified in Count Ten was conspiracy to possess with intent to distribute, and to distribute, a quantity of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Id.) Through the Plea Agreement, the parties agreed to a sentence of 300 months of imprisonment, and the Government agreed to dismiss the remaining

nine counts at sentencing. (Doc. No. 367, at 2, 6, in Case No. 2:11cr00001). At the subsequent

sentencing hearing, on July 13, 2012, Judge Haynes imposed the agreed 300-month sentence. (Doc.

Nos. 361, 368, 369 in Case No. 2:11cr00001). The record reveals that no appeal was taken.

III. <u>Analysis</u>

A. <u>The Petitioner's Claims</u>

The Petitioner contends that his conviction and sentence should be vacated because he

received the ineffective assistance of counsel.

B. <u>The Section 2255 Remedy</u>

28 U.S.C. Section 2255 provides federal prisoners with a statutory mechanism by which to

seek to have their sentence vacated, set aside or corrected:

> (a) A prisoner in custody under sentence of a court established by Act of
> Congress claiming the right to be released upon the ground that the sentence was
> imposed in violation of the Constitution or laws of the United States, or that the
> court was without jurisdiction to impose such sentence, or that the sentence was
> in excess of the maximum authorized by law, or is otherwise subject to collateral
> attack, may move the court which imposed the sentence to vacate, set aside or
> correct the sentence.

28 U.S.C. § 2255(a).

In order to obtain relief under Section 2255, the petitioner must demonstrate constitutional

error that had a "'substantial and injurious effect or influence on the guilty plea or the jury's

verdict.'" <u>Hamblen v. United States</u>, 591 F.3d 471, 473 (6th Cir. 2009)(quoting <u>Griffin v. United</u>

<u>States</u>, 330 F.3d 733, 736 (6th Cir. 2003)).

The court should hold an evidentiary hearing in a Section 2255 proceeding where a factual

dispute arises, unless the petitioner's allegations "'cannot be accepted as true because they are

contradicted by the record, inherently incredible, or [are] conclusions rather than statements of

fact.'" <u>Ray v. United States,</u> 721 F.3d 758, 761 (6th Cir. 2013)(quoting <u>Arredondo v. United States,</u>

2

178 F.3d 778, 782 (6th Cir. 1999)). In addition, no hearing is required where "the record conclusively shows that the petitioner is entitled to no relief." <u>Arredondo</u>, 178 F.3d at 782 (quoting <u>Blanton v. United States</u>, 94 F.3d 227, 235 (6th Cir. 1996)). <u>See</u> <u>also</u> <u>Fifer v. United States</u>, 660 F. App'x 358, 359 (6th Cir. Aug. 22, 2016).

Having reviewed the pleadings, briefs and records filed in the Petitioner's underlying criminal case, as well as the pleadings, briefs and records filed in this case, the Court finds that it need not hold an evidentiary hearing in this case to resolve the Petitioner's claims. The record conclusively establishes that the Petitioner is not entitled to relief on his claims for the reasons set forth herein.

C. <u>Ineffective Assistance of Counsel</u>

In order to prevail on an ineffective assistance of counsel claim, the burden is on the Petitioner to show: (1) counsel's performance fell below an objective standard of reasonableness; and (2) actual prejudice resulted from the deficient performance. <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); <u>Cullen v. Pinholster</u>, 131 S.Ct. 1388, 1403 (2011); <u>Campbell v. United States</u>, 364 F.3d 727, 730 (6th Cir. 2004).

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." <u>Strickland</u>, 104 S.Ct. at 2052; <u>Ludwig v. United States</u>, 162 F.3d 456, 458 (6th Cir. 1998). In analyzing counsel's performance, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Strickland</u>, 104 S.Ct. at 2065.

In order to establish prejudice, the petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u>,

at 2068.  A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id., at 2052.

The Petitioner argues that counsel was ineffective because he failed to advise the Petitioner that the "drug trafficking offense" alleged as part of Count Ten did not satisfy the definition set forth in 18 U.S.C. § 924(c). Had he been properly advised, the Petitioner contends, he would not have pled guilty to Count Ten and would have insisted on proceeding to trial.

Section 924(c) provides in pertinent part, as follows:

(c)(1)(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime–

(i) be sentenced to a term of imprisonment of not less than 5 years;

(ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and

(iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

* * *

(2) For purposes of this subsection, the term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46.

As discussed above, Count Ten of the Indictment alleged that the "drug trafficking crime" underlying the violation of Section 924(c) was conspiracy to possess with intent to distribute, and to distribute, a quantity of a mixture and substance containing a detectable amount of cocaine base,

4

in violation of 21 U.S.C. §§ 841(a)(1) and 846. Section 841(a)(1) is part of the Controlled Substances Act ("CSA") and prohibits the possession with intent to distribute, and the distribution of, controlled substances, including cocaine base. 21 C.F.R. § 1308.12. Section 846 provides that any person who attempts or conspires to commit an offense in the CSA is subject to the same penalties as those prescribed for the underlying offense. The maximum penalty for distribution, or possession with intent to distribute, a quantity of cocaine base is not more than 20 years. 21 U.S.C. § 841(b)(1)(C). The offense constitutes a "felony" because it is an offense for which the maximum term of imprisonment authorized exceeds one year. 18 U.S.C. § 3559(a); Moncrieffe v. Holder, 569 U.S. 184, 133 S.Ct. 1678, 1683, 185 L.Ed.2d 727 (2013); Lopez v. Gonzales, 549 U.S. 47, 127 S.Ct. 625, 631 n. 7, 166 L.Ed.2d 462 (2006). Therefore, the "drug trafficking crime" alleged as part of Count Ten is a felony under the CSA and satisfies the definition set forth in Section 924(c)(2). See, e.g., Acosta-Cazares v. United States, 995 F.2d 1066 (E.D. Ky. Mar. 9, 1993)(Conspiracy to distribute, and to possess with intent to distribute, a quantity of cocaine under 21 U.S.C. § 846 is a "drug trafficking crime" for purposes of 18 U.S.C. § 924(c)).

The cases relied on by the Petitioner do not indicate otherwise. In Descamps v. United States, ___ U.S. ___, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013), the Supreme Court considered whether a California burglary conviction qualifies as a "violent felony" for purposes of a sentence enhancement under the Armed Career Criminal Act (ACCA). In Mathis v. United States, ⸺ U.S. ⸺, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016), the Supreme Court considered whether an Iowa burglary conviction qualifies as a "violent felony" under the ACCA. In Hill v. Masters, 836 F.3d 591, 595 (6th Cir. 2016), the Sixth Circuit determined that Descamps should be applied retroactively on collateral review in analyzing whether a state law assault conviction constitutes a "crime of violence" under the career offender sentencing guideline used to enhance the petitioner's sentence.

In <u>United States v. Hinkle</u>, 832 F.3d 569 (5th Cir. 2016), the Fifth Circuit held that the defendant's prior Texas conviction for delivery of a controlled substance did not satisfy the career offender guideline definition of "controlled substance offense." All of these cases involve the determination of whether a particular state law offense qualifies for a sentence enhancement under the ACCA or the sentencing guidelines. None of them suggest that a federal felony drug trafficking conviction, like that alleged in Count Ten, fails to satisfy the definition of a "drug trafficking crime" as defined in Section 924(c)(2).

Any challenge to Count Ten on that basis, therefore, would have been unsuccessful, and counsel was not ineffective for failing to raise such a challenge. <u>See</u>, <u>e.g.</u>, <u>Ludwig v. United States</u>, 162 F.3d at 458 (Counsel is not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel). The Petitioner's ineffective assistance of counsel claim is without merit.[1]

## IV. <u>Conclusion</u>

For the reasons set forth herein, the Court concludes that the Petitioner's request for Section 2255 relief should be denied. Accordingly, this action is dismissed.

Should the Petitioner give timely notice of an appeal from this Memorandum, and accompanying Order, such notice shall be treated as an application for a certificate of appealability, 28 U.S.C. § 2253(c), which will not issue because the Petitioner has failed to make a substantial showing of the denial of a constitutional right. <u>Castro v. United States</u>, 310 F.3d 900 (6th Cir. 2002).

---

[1] Given the Court's determination that the Petitioner's claim is without merit, it is unnecessary to consider the Government's arguments based on the statute of limitations and the waiver clause of the Plea Agreement.

An appropriate order will be entered.

WAVERLY D. CRENSHAW, JR.
Chief United States District Judge